NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 23 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NARETH CHHOR, AKA Hong, AKA Chay Hong Ngan,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No.  12-73023

Agency No. A095-673-865

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 3, 2016
Pasadena, California

Before: PREGERSON, WARDLAW, and HURWITZ, Circuit Judges.

Chay Hong Ngan ("Ngan"),[1] a native and citizen of Cambodia, petitions for

review from a decision of the Board of Immigration Appeals ("BIA") summarily

affirming the Immigration Judge's ("IJ") denial of Ngan's application for asylum,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[1] Upon admission to the U.S., Ngan presented a false Cambodian passport under
the name of "Nareth Chhor." Ngan's true and correct name as written on his
passport and birth certificate is "Ngan, Chhay Hong," although his given name is
sometimes misspelled as "Chay Hong."

withholding of removal, and relief under the Convention against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We grant the petition for review and remand.

"Where the BIA affirms an IJ's order without opinion, we review the IJ's order as the final agency action." *Khup v. Ashcroft*, 376 F.3d 898, 902 (9th Cir. 2004). We review the agency's determination of eligibility for asylum, withholding of removal, and CAT protection for substantial evidence. *Sowe v. Mukasey*, 538 F.3d 1281, 1285 (9th Cir. 2008).

The record compels the conclusion that Ngan has a well-founded fear of future persecution. Ngan refused to participate in a government corruption scheme designed to divert funds from his private–public utility company employer to the ruling Cambodian People's Party ("CPP"). As a result, Ngan suffered a retaliatory demotion, accusations of membership in an opposition party to the CPP which had earlier attempted a coup, and anonymous murder threats from persons who did not want the scheme exposed. These actions do not compel a finding of past persecution. *See Canales-Vargas v. Gonzales*, 441 F.3d 739, 744 (9th Cir. 2006).

Even so, Ngan's credible testimony describing the retaliation and threats, along with the country conditions reports, support the requisite "ten percent

2

chance" that Ngan, if removed to Cambodia, would be persecuted. *See Al-Harbi v. INS*, 242 F.3d 882, 888 (9th Cir. 2001); *see also Grava v. INS*, 205 F.3d 1177, 1181 (9th Cir. 2000) ("When the alleged corruption is inextricably intertwined with governmental operation, the exposure and prosecution of such an abuse of public trust is necessarily political."). Although the death threats were anonymous, circumstantial evidence suggests they were made by individuals the government would be unwilling or unable to control, if not by government officials themselves given the CPP's stake in the scheme. *See Canales-Vargas*, 441 F.3d at 745. Indeed, Ngan demonstrated that he was and continues to be unable to report the past threats or any future threats to Cambodian authorities—corruption in Cambodia is rampant; the police have been involved in efforts to suppress dissent and reporting critical of the government; and there are no legal protections for those who expose corruption. *See also* 2015 State Department Country Reports on Human Rights Practices: Cambodia (stating that "[c]orruption [in Cambodia] was considered endemic and extended throughout all segments of society, including the executive, legislative, and judicial branches of government"). Moreover, the benefactor of the corruption scheme—the CPP—remains the ruling power in Cambodia, and security forces are able to act with impunity, including by committing extra-

3

judicial killings.

Thus, Ngan's fears are well-founded that he would be persecuted if removed to Cambodia and would be unable to relocate to avoid such persecution. The petition for review is **GRANTED**, and we **REMAND** for further proceedings consistent with this disposition.